IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALAN J. WEBB, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. H-12-0805 |
| WELLS FARGO BANK, N.A. and § | |
| BARRETT DAFFIN FRAPPIER § | |
| TURNER & ENGEL, LLP, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Alan J. Webb brought this action against Wells Fargo Bank, N.A. ("Wells Fargo") and Barrett Daffin Frappier Turner & Engel, LLP ("Barrett") (collectively, "Defendants") in the 152nd Judicial District Court of Harris County, Texas, where it was filed under Cause No. 2012-13217. Wells Fargo timely removed the action to this court. Pending before the court are Defendant Wells Fargo Bank, N.A.'s 12(b)(6) Motion to Dismiss and Brief in Support ("Wells Fargo's Motion to Dismiss") (Docket Entry No. 17) and Defendant Barrett Daffin Frappier Turner & Engel, LLP's Rule 12(b)(6) Motion to Dismiss ("Barrett's Motion to Dismiss") (Docket Entry No. 20). Also pending before the court are Plaintiff Alan J. Webb's Response in Opposition to Defendant Wells Fargo Bank N.A.'s Motion to Dismiss and in the Alternative Plaintiff's Motion for Leave to File Amended Complaint ("Response to Wells Fargo's

Motion to Dismiss and Motion to Amend") (Docket Entry No. 18) and Plaintiff Alan J. Webb's Response in Opposition to Defendant Barrett Daffin Frappier Turner & Engel, L.L.P.'s Motion to Dismiss ("Response to Barrett's Motion to Dismiss and Motion to Amend") (Docket Entry No. 22). For the reasons explained below, the Defendants' motions to dismiss will be granted and Webb's motions to amend the complaint will be denied.

## I. Background

### A. Factual Allegations

In June of 2006 Webb financed the purchase of a home with a mortgage that was eventually sold to and serviced by Wells Fargo.[1] Webb alleges that Wells Fargo participated in the federal government's Making Home Affordable Program and the Home Affordable Mortgage Program ("HAMP"), administered in accordance with the guidelines set out in the Handbook for Servicers of Non-GSE Mortgages (the "Handbook").[2] After encountering financial difficulties Webb defaulted on his obligations.[3] Webb alleges that Wells Fargo sent him a notice of default on December 19, 2011,

---

[1]Plaintiff's Original Petition, Application for Temporary Restraining Order, and Application for Temporary Injunction ("Original Petition"), Ex. B-4 to Defendant's Notice of Removal Under 28 U.S.C. § 1441 ("Notice of Removal"), Docket Entry No. 1-6, ¶ 9.

[2]Id. ¶ 14. HAMP is a loan-modification program established by the federal government pursuant to the authority provided in the Emergency Economic Stabilization Act of 2008. 12 U.S.C. §§ 5201, et seq.

[3]Original Petition, Ex. B-4 to Notice of Removal, Docket Entry No. 1-6, ¶ 10.

informing him of several default-curing options, including those described in HAMP and the Home Affordable Foreclosure Alternatives ("HAFA") program.[4] Webb alleges, however, that Wells Fargo never actually considered Webb for an option to cure under HAMP or HAFA.[5] Webb alleges that in February of 2012 Wells Fargo agreed to a short-term repayment plan but that Wells Fargo nonetheless intended to foreclose on the home on March 6, 2012.[6]

## B. Causes of Action

Webb filed suit in state court on March 5, 2012, bringing claims for breach of contract and violations of the Texas Debt Collection Act ("TDCA"), TEX. FIN. CODE §§ 392.001, et seq., and alleging the defenses of waiver and quasi-estoppel to acceleration of the debt and sale of the home.[7] Webb also sought a temporary restraining order and temporary injunction to prevent any foreclosure sale or eviction.[8]

---

[4]Id. ¶¶ 10, 15. HAFA is a sub-program of HAMP that offers the options of a short sale or a deed-in-lieu of foreclosure to homeowners who can no longer afford their mortgage payments. Nolasco v. CitiMortgage, Inc., 2012 WL 3648414, at *2, n.3 (S.D. Tex. Aug. 23, 2012) (citing Burr v. JPMorgan Chase Bank, N.A., 2012 WL 1059043, at *3, n.4 (S.D. Tex. Mar. 28, 2012)).

[5]Original Petition, Ex. B-4 to Notice of Removal, Docket Entry No. 1-6, ¶ 19.

[6]Id. ¶ 20.

[7]Id. ¶¶ 24-39.

[8]A temporary restraining order was entered in state court on March 5, 2012, enjoining any foreclosure sale or eviction. Plaintiff's Temporary Restraining Order and Order Setting a Hearing Temporary Injunction, Ex. B-5 to Notice of Removal, Docket Entry No. 1-7.

1.  Breach of Contract

Webb's breach of contract claim alleges that upon default the deed of trust required Wells Fargo to provide (1) a notice of default listing the specific actions to be taken to cure the default and (2) at least thirty days to complete those specific actions.[9] Webb alleges that while Wells Fargo did provide a list of default-curing options, including those under HAMP and HAFA, Wells Fargo breached the deed of trust by not allowing Webb to pursue a range of default-curing options under HAMP and HAFA.[10]

2.  TDCA

In support of the TDCA claim Webb alleges that Wells Fargo and Barrett are "debt collectors" within the meaning of TEX. FIN. CODE § 392.001(6). Webb alleges that Wells Fargo and Barrett violated § 392.301(a)(8) of the Texas Finance Code, which prohibits a debt collector from threatening to take an action prohibited by law:

> 31. As a participating servicer in the HAMP program, [Wells Fargo] violated Subsection (a)(8) when it threatened to take action to foreclose on the property without properly considering Mr. Webb under the HAFA or another alternative action to cure. Moreover, [Barrett] violated the Act when it too threatened to move forward with the foreclosure and removal of Mr. Webb from his home *knowing that it legally could not do so* until [Wells Fargo] had certified that all non-foreclosure options had been exhausted per the requirements under the *Handbook*.
>
> 32. Specifically, as a participant in the MHA program, a servicer is *prohibited* under Section 3.4.3 of

---

[9]Original Petition, Ex. B-4 to Notice of Removal, Docket Entry No. 1-6, ¶ 24.

[10]Id. ¶ 27.

Chapter II of the MHA Handbook from conducting a foreclosure sale until the servicer has issued a written certification to foreclosure counsel or the trustee, attesting that *all loss mitigation options have been considered and exhausted* for a potential HAMP-eligible borrower. This certification must be provided no sooner than 7 business days prior to the scheduled foreclosure sale date or any extension thereof. Neither [Wells Fargo] nor [Barrett] have demonstrated that [Wells Fargo] issued a written certification to [Barrett] or the trustee attesting that all loss mitigation options had been considered and exhausted. As noted previously, [Wells Fargo] refused to consider Mr. Webb for a short sale prior to moving forward with the foreclosure, so they could not possibly have exhausted all foreclosure alternative options. In the absence of this written certification to [Barrett], neither [Wells Fargo] nor [Barrett] should have threatened foreclosure or moved forward with foreclosure action. Consequently, both [Wells Fargo] and [Barrett] were in violation of the Texas Debt Collection Act.[11]

Webb also alleges that Wells Fargo and Barrett violated the TDCA's prohibitions on misrepresenting the character, extent, or amount of a consumer debt, see TEX. FIN. CODE § 392.304(a)(8), and using false representations or deceptive means to collect a consumer debt, see TEX. FIN. CODE § 392.304(a)(19), by including "charges on reinstatement quotes for 'attorneys fees' and 'trustees fees' that could not have been incurred because the foreclosure had not taken place yet."[12]

3. <u>Defenses to Acceleration and Sale</u>

Webb alleges that the deed of trust "provides that the borrowers may bring an action in court to assert any defense to

---

[11] Id. ¶¶ 31-32.

[12] Id. ¶ 33.

acceleration and sale."[13]  In alleging the defenses of waiver and quasi-estoppel, Webb "plead[s] as though he were a defendant to [Wells Fargo's] charge that a default and therefore, a breach of contract of [Webb] existed."[14]  Webb alleges that Wells Fargo waived its right to proceed with foreclosure when Wells Fargo agreed to -- and Webb relied on -- the short-term repayment plan.[15]  As to quasi-estoppel, Webb alleges that Wells Fargo chose to participate in the foreclosure mitigation and avoidance programs, but then failed to allow Webb the opportunity to comply with the repayment plan.[16]  Webb further alleges that "it would be unconscionable to permit [Wells Fargo] to maintain this position to the disadvantage of [Webb]."[17]

C.  **Procedural History**

On March 15, 2012, Wells Fargo removed the action to this court pursuant to 28 U.S.C. § 1441, asserting diversity jurisdiction under 28 U.S.C. § 1332.[18]  Webb filed a motion to remand on April 13, 2012.[19]  The court denied the motion to remand on June 22, 2012.[20]

---

[13]Id. ¶ 34.

[14]Id.

[15]Id. ¶ 36.

[16]Id. ¶¶ 37-38.

[17]Id. ¶ 39.

[18]Notice of Removal, Docket Entry No. 1, ¶ 11.

[19]Plaintiff Alan J. Webb's Motion to Remand Cause of Action Based on Lack of Subject Matter Jurisdiction, Docket Entry No. 6.

[20]Hearing Minutes and Order, June 22, 2012, Docket Entry No. 14.

Wells Fargo filed its motion to dismiss on July 3, 2012,[21] and Barrett filed its motion to dismiss on August 9, 2012.[22] Webb responded to the motions separately.[23] In each response Webb included a motion for leave to file an amended complaint.[24] Wells Fargo and Barrett filed separate replies.[25]

## II.  Motions to Amend

In each of the responses to the Defendants' motions to dismiss Webb moved for leave to file an amended complaint. A party may amend its pleading once as a matter of course within twenty-one days of serving it or twenty-one days after service of a motion under Rule 12(b), whichever is earlier. Fed. R. Civ. P. 15(a)(1). In all other cases a party may only amend its pleadings with the written consent of the opposing party or with the court's leave. Fed. R. Civ. P. 15(a)(2). The court should freely give leave to

---

[21] Wells Fargo's Motion to Dismiss, Docket Entry No. 17.

[22] Barrett's Motion to Dismiss, Docket Entry No. 20.

[23] Response to Wells Fargo's Motion to Dismiss and Motion to Amend, Docket Entry No. 18; Response to Barrett's Motion to Dismiss and Motion to Amend, Docket Entry No. 22.

[24] Response to Wells Fargo's Motion to Dismiss and Motion to Amend, Docket Entry No. 18, ¶ 15; Response to Barrett's Motion to Dismiss and Motion to Amend, Docket Entry No. 22, ¶ 23.

[25] Defendant Wells Fargo Bank, N.A.'s Reply to Plaintiff's Response in Opposition to Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss and in the Alternative Plaintiff's Motion for Leave to File Amended Complaint ("Wells Fargo's Reply"), Docket Entry No. 19; Defendant Barrett Daffin Frappier Turner & Engel, LLP's Reply to Plaintiff's Response to Defendant's Rule 12(b)(6) Motion to Dismiss ("Barrett's Reply"), Docket Entry No. 23.

amend when justice so requires. Id. Rule 15(a)(2) applies here. Because Webb has neither shown how an amended complaint would be successful nor attached a proposed amended complaint, the court concludes that Webb's motions for leave to amend should be denied. The court will therefore analyze the motions to dismiss with respect to Webb's original state court petition.

### III. Motions to Dismiss

#### A. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom Cloud v. United States, 122 S. Ct. 2665 (2002). The court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. Id.

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.

Swierkiewicz v. Sorema N.A., 122 S. Ct. 992, 997 (2002) (quoting Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974)). To avoid dismissal a plaintiff must allege "enough facts to state a claim to

relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 127 S. Ct. at 1966). When considering a motion to dismiss, district courts are "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)).

## B. Breach of Contract

Webb alleges that Wells Fargo breached the deed of trust by not allowing him to pursue the range of default-curing options under HAMP and HAFA.[26] Wells Fargo argues that Webb's claims should be dismissed under Rule 12(b)(6) because Wells Fargo was under no legal obligation to review Webb for financial assistance under

---

[26]Original Petition, Ex. B-4 to Notice of Removal, Docket Entry No. 1-6, ¶ 27.

-9-

HAMP, HAFA, or any other program prior to accelerating the loan and pursuing foreclosure.[27]

To prevail on a breach of contract claim the plaintiff must allege that (1) a valid contract exists; (2) plaintiff fully performed his obligations; (3) defendant breached the contract; and (4) plaintiff was damaged as a result of the breach. Hovorka v. Community Health Sys., Inc., 262 S.W.3d 503, 508-09 (Tex. App. -- El Paso 2008, no pet.). At a minimum Webb is unable to establish that Wells Fargo breached the deed of trust because the deed of trust does not require Wells Fargo to allow Webb to pursue default-curing options under HAMP or HAFA. Therefore, the alleged breach could not have occurred because no contractual obligation to offer default-curing options under HAMP or HAFA existed.

Nor can Webb prevail on a breach of contract claim based on an alleged violation of HAMP or HAFA. Webb is not a third-party beneficiary to the HAMP and HAFA agreements between Wells Fargo and the federal government and, therefore, may not assert a breach of contract claim based on those agreements. See Cade v. BAC Home Loans Servicing, LP, 2011 WL 2470733, at *4 (S.D. Tex. June 20, 2011) ("Asserting rights as a third party amounts to asserting a private right of enforcement on a contract; absent clear

---

[27] Wells Fargo's Motion to Dismiss, Docket Entry No. 17, ¶ 3. Wells Fargo also argues that Webb's state law claims are preempted by the federal Home Owners' Loan Act of 1933 ("HOLA") and therefore should be dismissed. Id. ¶ 24. Because the court concludes that Webb fails to state a claim for which relief may be granted, the court declines to consider Wells Fargo's preemption argument.

contractual intent to confer third-party beneficiary rights, the [homeowner plaintiffs] do not have standing to bring an action for breach of contract under HAMP or Texas law."). Furthermore, as Webb recognizes,[28] there is no private cause of action for violations of the HAMP or HAFA guidelines. See Cade v. BAC Home Loans Servicing, LP, 2011 WL 2470733, at *2 (S.D. Tex. June 20, 2011) ("[N]o private right of action to enforce lender compliance exists under HAMP."); Akintunji v. Chase Home Fin. L.L.C., 2011 WL 2470709, at *4 (S.D. Tex. June 20, 2011) ("There is no private cause of action under HAMP.").

Webb argues, however, that his petition states a claim for which relief may be granted because Wells Fargo failed "to follow the 'applicable laws' of the State of Texas regarding providing notice of default" in the manner required by the deed of trust.[29] Webb argues that under TEX. PROP. CODE § 51.002(d) Wells Fargo was required to provide Webb at least twenty days to cure the default.[30] This argument is unavailing. Webb does not assert in the petition any allegations as to breach of contract that are based upon the Texas Property Code. Furthermore, Webb does not allege that Wells Fargo moved forward with acceleration and foreclosure in less than twenty days. The court therefore concludes that when viewing the

---

[28]Response to Wells Fargo's Motion to Dismiss and Motion to Amend, Docket Entry No. 18, ¶ 8.

[29]Id. ¶ 10.

[30]Id. ¶ 11.

allegations in the light most favorable to Webb, Webb has failed to allege "enough facts to state a claim to relief that is plausible on its face." See Twombly, 127 S. Ct. at 1974. This claim will therefore be dismissed.

**C.   Texas Finance Code**

Webb asserts claims against Wells Fargo and Barrett for violations of sections 392.301(a)(8) (threatening to take an action prohibited by law), 392.304(a)(8) (misrepresenting the character, extent, or amount of a consumer debt), and 392.304(a)(19) (using false representations or deceptive means to collect a consumer debt) of the Texas Finance Code.[31] The Defendants move to dismiss these claims under Rule 12(b)(6).[32]

   1.   Section 392.301(a)(8)

Webb alleges that Defendants violated § 392.301(a)(8) by threatening to take action to foreclose on the home without properly considering Webb for HAMP or HAFA options to cure.[33] Webb argues that the deed of trust required Wells Fargo to consider Webb under HAMP and HAFA options and that therefore any threat to foreclose without such consideration was a threat to take an action

---

[31]Original Petition, Ex. B-4 to Notice of Removal, Docket Entry No. 1-6, ¶¶ 29-33.

[32]Wells Fargo's Motion to Dismiss, Docket Entry No. 17, ¶ 33; Barrett's Motion to Dismiss, Docket Entry No. 20, ¶ 12.

[33]Original Petition, Ex. B-4 to Notice of Removal, Docket Entry No. 1-6, ¶ 31.

prohibited by law.[34] The Defendants argue that Webb fails to state a claim under § 392.301(a)(8) because foreclosure in this case was not an action prohibited by law.[35]

The court has already concluded that the deed of trust did not obligate Wells Fargo to consider Webb for HAMP or HAFA options to cure. Failure to consider HAMP or HAFA options therefore would not have rendered a foreclosure action illegal. Furthermore, Webb does not argue that the guidelines concerning HAMP or HAFA in the Handbook constitute governing law such that a violation of the guidelines would be actionable under § 392.301(a)(8). Accordingly, the court concludes that Webb has not pleaded facts to allow the court "to draw the reasonable inference" that either Wells Fargo or Barrett is liable under § 392.301(a)(8). See Iqbal, 129 S. Ct. at 1949.

2. Sections 392.304(a)(8) and 392.304(a)(19)

Webb alleges that Barrett and Wells Fargo violated §§ 392.304(a)(8) and 392.304(a)(19) by including "charges on reinstatement quotes for 'attorneys fees' and 'trustees fees' that

---

[34]Response to Wells Fargo's Motion to Dismiss and Motion to Amend, Docket Entry No. 18, ¶ 8; Response to Barrett's Motion to Dismiss and Motion to Amend, Docket Entry No. 22, ¶ 9.

[35]Wells Fargo's Motion to Dismiss, Docket Entry No. 17, ¶ 35; Barrett's Motion to Dismiss, Docket Entry No. 20, ¶ 32. Barrett also argues that it is immune from suit for conduct undertaken in its capacity as an attorney for Wells Fargo. Id. ¶ 15. Because the court concludes that Webb fails to state a claim for which relief may be granted, the court declines to consider Barrett's immunity argument.

could not have been incurred because the foreclosure had not taken place yet."[36] Wells Fargo argues that Webb's claims under §§ 392.304(a)(8) and 392.304(a)(19) should be dismissed because Webb "fails to identify the specific reinstatement quote(s) and/or the charges complained of (date, amount, etc.) and why they were false. This vague and generalized allegation is insufficient to avoid dismissal under Rule 12(b)(6)."[37] Barrett argues that the claim should be dismissed because the fees were incurred in connection with foreclosure proceedings and because the Deed of Trust did not preclude the lender from recovering such fees.[38]

The court concludes that Webb's allegation regarding the attorney's fees and trustee's fees can be fairly read to mean that at least some of the charges on the reinstatement notice could not yet have been incurred. Webb does not allege that under the deed of trust no attorney's fees and trustee's fees could be lawfully incurred prior to foreclosure. In fact, the Deed of Trust specifically states that the "Lender may add to the amount [Webb] owes to the Lender all legal fees, costs, allowances, and disbursements incurred as a result of the action to sell the Property."[39] Wells Fargo and Barrett could have incurred attorney's

---

[36]Original Petition, Ex. B-4 to Notice of Removal, Docket Entry No. 1-6, ¶ 33.

[37]Wells Fargo's Motion to Dismiss, Docket Entry No. 17, ¶ 42.

[38]Barrett's Motion to Dismiss, Docket Entry No. 20, ¶¶ 45, 50.

[39]Deed of Trust, Ex. B to Wells Fargo's Motion to Dismiss, Docket Entry No. 17-3, ¶ 28 (referred to in Original Petition, Ex. B-4 to Notice of Removal, Docket Entry No. 1-6, ¶ 24).

fees prior to the sale and were thus entitled to collect such fees from Webb. Therefore, Webb fails to allege any facts to show that the fees included on the reinstatement quotes were false or misleading. The court concludes that Webb's claims under §§ 392.304(a)(8) and 392.304(a)(19) should be dismissed.

### D. Defenses to Acceleration and Sale

Webb alleges two defenses to acceleration and sale -- waiver and quasi-estoppel --, which Webb pleads "as though he were a defendant to [Wells Fargo's] charge that a default . . . existed."[40] None of the Defendants has brought a suit in court alleging a claim for relief. Because Webb's waiver and quasi-estoppel allegations are defenses to claims that the Defendants have not pled, they are not properly before the court and will therefore be dismissed.[41]

### IV. Conclusion and Order

The court concludes that Webb has failed to state a claim for breach of contract, for violations of the Texas Finance Code, or for relief under the doctrines of waiver or quasi-estoppel. The court will therefore dismiss Webb's claims under Federal Rule of

---

[40]Original Petition, Ex. B-4 to Notice of Removal, Docket Entry No. 1-4, ¶ 34.

[41]Because all of Webb's claims will be dismissed, Webb's request for a temporary injunction will also be dismissed. "[A] party can obtain an injunction only by showing a probable right to recovery through a claim or cause of action." See Brown v. Ke-Ping Xie, 260 S.W.3d 118, 122 (Tex. App. -- Houston 2008, no pet.) (internal quotation marks omitted).

Civil Procedure 12(b)(6). The court further concludes that Webb should not be granted leave to amend the petition.

Accordingly, Defendant Wells Fargo Bank, N.A.'s 12(b)(6) Motion to Dismiss (Docket Entry No. 17) is **GRANTED**; Defendant Barrett Daffin Frappier Turner & Engel, LLP's Rule 12(b)(6) Motion to Dismiss (Docket Entry No. 20) is **GRANTED**; Plaintiff Alan J. Webb's Motion for Leave to File Amended Complaint (Docket Entry No. 18) is **DENIED**; and Plaintiff Alan J. Webb's Motion for Leave to Amend (contained in Docket Entry No. 22) is **DENIED**.

**SIGNED** at Houston, Texas, on this 11th day of January, 2013.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE